2011R00373/SUE/LFS

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No. 12-553 (WJM) |
| | : |
| v. | : 18 U.S.C. § 1591(a), |
| | : 18 U.S.C. § 1591(b)(1), |
| EDWARD M. DE SEAR | : 18 U.S.C. § 2252A(a)(2)(A), |
| | : 18 U.S.C. § 2 |

S U P E R S E D I N G   I N F O R M A T I O N

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

COUNT ONE
(Sex Trafficking of a Child)

Background

1. At all times relevant to the Superseding Information:

a. Defendant EDWARD M. DE SEAR was a resident of Saddle River, New Jersey and worked as a corporate attorney in New York, New York.

b. The minor boy victim referenced in Count One of this Superseding Information was under the age of 14, and born in 2005 (the "Victim Boy").

c. In or about June 2011, defendant EDWARD M. DE SEAR facilitated the travel of the Victim Boy from Paris, France to Brussels, Belgium, where defendant DE SEAR caused him

to engage in a "commercial sex act," as defined in Title 18, United States Code, Section 1591(e)(3).

    2.    In or about June 2011, in the District of New Jersey, and elsewhere, defendant

EDWARD M. DE SEAR

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, namely the Victim Boy, knowing, and in reckless disregard of the fact, that the Victim Boy had not attained the age of 14 years and would be caused to engage in a commercial sex act.

    In violation of Title 18, United States Code, Section 1591(a)(1), Section 1591(b)(1), and Section 2.

## COUNTS TWO THROUGH FIVE
(Distribution of Child Pornography)

1.  Paragraph 1a of Count One is realleged and incorporated by reference as if fully set forth herein.

### The Peer-to-Peer File Sharing Program

2.  As used in this Superseding Information, the term "Peer-to-Peer File Sharing Program" (hereinafter, the "P2P Program") refers to a peer-to-peer file-sharing program that allows users to share computer files with other users in their network.

3.  The P2P Program's software enables a user to create his own private network, which he controls. The user can invite "friends" or contacts to join his network, and remove friends from his network at any time. A user can also join the networks of other users of the P2P Program, but only with the permission of the user who created the network.

4.  A user of the P2P Program selects specific folder(s) on his computer that he wishes to share with, and thereby distribute to, friends in his P2P network (hereinafter, the "shared folders"). These shared folders may contain video, audio, or image files. The user's friends can access any of the files in the user's shared folders.

## Defendant's Use of the P2P Program to Distribute Child Pornography

5. On several occasions, beginning as early as on or about May 28, 2010, defendant EDWARD M. DE SEAR, used the P2P Program to distribute video and image files depicting child pornography to members of his P2P network, by designating these child pornography files as shared files and thereby making them available for download by his network of "friends" on the P2P Program. It was pursuant to this file sharing that defendant DE SEAR distributed child pornography to undercover law enforcement agents, on or about the dates specified below.

6. On or about the dates specified below, in the District of New Jersey, and elsewhere, defendant

EDWARD M. DE SEAR

did knowingly distribute numerous images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which images were mailed and, using any means and facility of interstate and foreign commerce, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, each distribution constituting a separate Count of this Superseding Information.

| COUNT | APPROX. DATE |
|:-:|:-:|
| 2 | May 28, 2010 |
| 3 | September 16, 2010 |
| 4 | December 6, 2010 |
| 5 | February 9, 2011 |

All in violation of Title 18, United States Code, Section 2252A(a)(2)(A) and Section 2.

## FIRST FORFEITURE ALLEGATION

1. The allegations contained in this Superseding Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1594(d).

2. Pursuant to Title 18, United States Code, Section 1594(d), upon conviction of Count One alleged in this Superseding Information, the defendant shall forfeit to the United States of America any property, real or personal, used or intended to be used to commit or to facilitate the commission of such violation, and any property, real or personal, constituting or derived from, any proceeds such person obtained, directly or indirectly, as a result of such violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

## SECOND FORFEITURE ALLEGATION

1. The allegations contained in this Superseding Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253.

2. Pursuant to Title 18, United States Code, Section 2253, upon conviction of any of the offenses alleged in Counts Two through Five of this Superseding Information, the defendant shall forfeit to the United States of America:

    a. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

3. If any of the property described above, as a result of any act or omission of the defendant:

8

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

*[signature: Paul J. Fish]*

PAUL J. FISHMAN
United States Attorney

CASE NUMBER: 12-553 (WJM)

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

EDWARD M. DE SEAR

# INFORMATION FOR

18 U.S.C. § 1591(a),
18 U.S.C. § 1591(b)(1),
18 U.S.C. § 2252A(a)(2)(A),
18 U.S.C. § 2

**PAUL J. FISHMAN**
UNITED STATES ATTORNEY, NEWARK, NEW JERSEY

SHIRLEY U. EMEHELU
LESLIE F. SCHWARTZ
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY
973-645-2700