

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*                                        *973/645-2700*
*Newark, NJ 07102*

SUE/LFS/PL AGR
2011R00373

June 18, 2013

John Michael Vazquez, Esq.
Critchley, Kinum & Vazquez LLC
75 Livingston Avenue
Roseland, New Jersey 07068

Re:  <u>Plea Agreement with Edward M. De Sear</u>

Dear Mr. Vazquez:

This letter sets forth the plea agreement between your client, Edward M. De Sear, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charges</u>

Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Edward M. De Sear to a five-count Superseding Information, which charges him, in Count One, with the sex trafficking of a child (hereinafter "Victim 1"), in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1), and, in Counts Two through Five, with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).  If Edward M. De Sear enters a guilty plea and is sentenced on these charges, consistent with the stipulated sentence under Federal Rule Criminal Procedure 11(c)(1)(C), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Edward M. De Sear for his conduct related to Victim 1 during the period from September 2009 through June 2011 and his advertising, distribution, and possession of child pornography during the period from June 2008 through July 2011.  In addition, if Edward M. De Sear fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss the Indictment, Criminal No. 12-553(WJM), against Edward M. De Sear.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred

by the applicable statute of limitations on the date this
agreement is signed by Edward M. De Sear may be commenced against
him, notwithstanding the expiration of the limitations period
after Edward M. De Sear signs the agreement.  Should the Court at
any time reject the plea under Federal Rule of Criminal Procedure
11(c)(1)(C) or act contrary to its terms, either party may elect
to be relieved of the terms of this plea and the parties will be
returned to the status prior to the entry of the plea.

Sentencing

     The violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1)
(Count 1 of the Superseding Information) to which Edward M. De
Sear agrees to plead guilty carries a statutory maximum prison
sentence of life, a statutory mandatory minimum prison sentence
of 15 years, and a statutory maximum fine equal to the greatest
of: (1) $250,000; (2) twice the gross amount of any pecuniary
gain that any persons derived from the offense; or (3) twice the
gross amount of any pecuniary loss sustained by any victims of
the offense.  Fines imposed by the sentencing judge may be
subject to the payment of interest.

     The violations of 18 U.S.C. § 2252A(a)(2)(A) (Counts 2
through 5 of the Superseding Information) to which Edward M. De
Sear agrees to plead guilty each carries a statutory maximum
prison sentence of 20 years, a statutory mandatory minimum prison
sentence of 5 years, and a statutory maximum fine equal to the
greatest of: (1) $250,000; (2) twice the gross amount of any
pecuniary gain that any persons derived from the offense; or (3)
twice the gross amount of any pecuniary loss sustained by any
victims of the offenses.  Fines imposed by the sentencing judge
may be subject to the payment of interest.  Pursuant to 18 U.S.C.
§ 2252A(b)(1), if the Court determines that Edward M. De Sear has
a prior conviction under Chapter 110, section 1591, Chapters 71,
109A, or 117, or under section 920 of title 10 (article 120 of
the Uniform Code of Military Justice), or under the laws of any
state relating to aggravated sexual abuse, sexual abuse, or
abusive sexual conduct involving a minor or ward, or the
production, possession, receipt, mailing, sale, distribution,
shipment, or transportation of child pornography, or sex
trafficking of children, the violations of 18 U.S.C. § 2252A
(a)(2)(A) to which Edward M. De Sear agrees to plead guilty each
carries a mandatory minimum sentence of 15 years and a statutory
maximum sentence of 40 years.

     Further, in addition to imposing any other penalty on
Edward M. De Sear, the sentencing judge: (1) will order Edward M.
De Sear to pay an assessment of $100 per count, for a total of

- 2 -

$500, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Edward M. De Sear to pay restitution pursuant to 18 U.S.C. §§ 1593 and 2259; (3) may order Edward M. De Sear, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. §§ 1594(d) and 1594(e)(1) and 18 U.S.C. § 2253; and (5) must require Edward M. De Sear to serve a term of supervised release of at least 5 years and up to life on supervised release, on each count, which will begin at the expiration of any term of imprisonment imposed. Should Edward M. De Sear be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Edward M. De Sear may be sentenced to not more than 2 years' imprisonment on each of the violations of 18 U.S.C. § 2252A(a)(2)(A), and not more than 5 years' imprisonment for violating 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1), in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should Edward M. De Sear be placed on a term of supervised release and Edward M. De Sear subsequently commit an offense while on release in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than 1 year can be imposed, Edward M. De Sear must be sentenced to at least 5 years' imprisonment on each count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. In addition, Edward M. De Sear must, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), comply with any applicable sex offender registration requirement in New Jersey, and in each jurisdiction where Edward M. De Sear resides, is employed, or is a student.

This Office and Edward M. De Sear agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence to be imposed on Edward M. De Sear, should be as follows: (1) a stipulated term of imprisonment of 17.5 years (210 months); (2) a Lifetime term of supervised release, which term should include mental health testing and treatment as deemed appropriate by the United States Probation Office; (3) prior to sentencing, payment of $1.1 million in restitution to child sex trafficking Victim 1

and $100,000 in restitution to the victims of Edward M. De Sear's distribution and possession of child pornography, for a total of $1.2 million in restitution only; (4) a special assessment of $100 per count, for a total of $500; and (5) forfeiture and abandonment of the property designated in the Forfeiture section below.

Pursuant to Rule 11(c)(1)(C), if the Court accepts this plea, the Court must sentence the defendant to a period of 17.5 years (210 months) incarceration, a Lifetime term of supervised release, and a total of $1.2 million in restitution.   If, however, the sentencing judge rejects this plea agreement, the parties stipulate and agree that both parties may withdraw from this plea agreement.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.   In addition, this Office may inform the sentencing judge and the United States Probation Office of:   (1) this agreement; and (2) the full nature and extent of Edward M. De Sear's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Edward M. De Sear agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Edward M. De Sear waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Edward M. De Sear agrees that as part of his stipulated sentence and, pursuant to 18 U.S.C. §§ 1594(d) and 1594(e)(1) and 18 U.S.C. § 2253, he will forfeit to the United States: (1) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code and other

matter which contain any such visual depiction, which was
produced, transported, mailed, shipped, or received in violation
of Title 18 of the United States Code; (2) all property, real and
personal, constituting or traceable to gross profits or other
proceeds obtained from the offenses charged; and (3) all
property, real and personal, used or intended to be used to
commit or to promote the commission of the offenses charged and
all property traceable to such property, including, but not
limited to the following computer and computer accessories:
(a) a black Sony Vaio laptop, Model PCG-652L, bearing serial
number J002M1GN, with power cord; (b) a blue 30MB USB drive with
key ring; (c) a Maxtor External Hard Drive, Model Maxtor One
Touch III Mini, bearing serial number 2CAS07GD; (d) a Casio Exilm
Digital Camera EX-2600, 6 Mega Pixel #1730825A, with docking
station and power cord; (e) one CD with a yellow post-it note
reading "De Sear [H.C.]/[C.C.] Aug. 2010"; (f) one Giga Ware DVD
with black lettering, "The Bike Shopper Menu Disc"; (g) one
Memorex DVD with a yellow post-it note reading, "[A.O.C.]"; and
(h) a white Kingston Data Traveler 16GB thumb drive, bearing
serial number CH4149736 (hereinafter, collectively, the
"Forfeitable Property").   The parties agree that Edward M. De
Sear's residential property located at 109 West Saddle River
Road, Saddle River, New Jersey 07458 is not included in the
Forfeitable Property.

        Edward M. De Sear represents that he has disclosed all
of his assets to the United States on the Financial Disclosure
Statement dated _____.   Edward M. De Sear
agrees that if the government determines that Edward M. De Sear
has intentionally failed to disclose assets on that Financial
Disclosure Statement, that failure constitutes a material breach
of this agreement.  In addition, Edward M. De Sear consents to
the administrative, civil, and/or criminal forfeiture of his
interests in any assets that he failed to disclose on the
Financial Disclosure Statement.  Should undisclosed assets that
the defendant owns or in which the defendant has an interest be
discovered, Edward M. De Sear knowingly and voluntarily waives
his right to any required notice concerning the forfeiture of
said assets.  Edward M. De Sear further agrees to execute any
documents necessary to effectuate the forfeiture of said assets.

        Edward M. De Sear further agrees to waive all interest
in the Forfeitable Property in any administrative or judicial
forfeiture proceeding, whether criminal or civil, state or
federal.  Edward M. De Sear agrees to consent to the entry of
orders of forfeiture for the Forfeitable Property and waives the
requirements of Rules 32.2 and 43(a) of the Federal Rules of
Criminal Procedure regarding notice of the forfeiture in the

charging instrument, announcement of the forfeiture at
sentencing, and incorporation of the forfeiture in the judgment.
Edward M. De Sear understands that the forfeiture of Forfeitable
Property is part of the sentence that may be imposed in this case
and waives any failure by the court to advise him of this
pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal
Procedure at the guilty plea proceeding.

Edward M. De Sear hereby waives any and all claims that
this forfeiture constitutes an excessive fine and agrees that
this forfeiture does not violate the Eighth Amendment.

## Immigration Consequences

Edward M. De Sear understands that, if he is not a
citizen of the United States, his guilty plea to the charged
offenses will likely result in his being subject to immigration
proceedings and removed from the United States by making him
deportable, excludable, or inadmissible, or ending his
naturalization. The defendant understands that the immigration
consequences of this plea will be imposed in a separate
proceeding before the immigration authorities. The defendant
wants and agrees to plead guilty to the charged offenses
regardless of any immigration consequences of this plea, even if
this plea will cause his removal from the United States. The
defendant understands that he is bound by his guilty plea
regardless of any immigration consequences of the plea.
Accordingly, the defendant waives any and all challenges to his
guilty plea and to his sentence based on any immigration
consequences, and agrees not to seek to withdraw his guilty plea,
or to file a direct appeal or any kind of collateral attack
challenging his guilty plea, conviction, or sentence, based on
any immigration consequences of his guilty plea.

## Registration Consequences

Edward M. De Sear understands that his guilty plea to
the charged offenses will likely result in a requirement that he
register as a sex offender under federal and state law, and he
will be subject to the registration law's requirements and
penalties.   The defendant wants and agrees to plead guilty to the
charged offenses regardless of any registration consequences of
that plea.   The defendant understands that he is bound by his
guilty plea regardless of any registration consequences of the
plea. Accordingly, the defendant waives any and all challenges to
his guilty plea and to his sentence based on any registration
consequences, and agrees not to seek to withdraw his guilty plea,
or to file a direct appeal or any kind of collateral attack

- 6 -

challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## Adam Walsh Child Protection and Safety Act

Edward M. De Sear has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Edward M. De Sear resides; where he is an employee; and where he is a student. Edward M. De Sear understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. Edward M. De Sear further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Edward M. De Sear has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Edward M. De Sear. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service),or any third party from initiating or prosecuting any civil or administrative proceeding against Edward M. De Sear.

No Other Promises

This agreement constitutes the plea agreement between Edward M. De Sear and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Shirley U. Emehelu
Assistant U.S. Attorney

By: Leslie F. Schwartz
Assistant U.S. Attorney

APPROVED:

Thomas J. Eicher
Chief, Criminal Division

        I have received this letter from my attorney, John M.
Vazquez, Esq.  I have read it.  My attorney and I have discussed
it and all of its provisions, including those addressing the
charges, sentencing, stipulations, waiver, forfeiture,
restitution, immigration and registration consequences. I
understand this letter fully.  I hereby accept its terms and
conditions and acknowledge that it constitutes the plea agreement
between the parties.  I understand that no additional promises,
agreements, or conditions have been made or will be made unless
set forth in writing and signed by the parties.  I want to plead
guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


Edward M. De Sear                    Date:  June 20, 2013



        I have discussed with my client this plea agreement and
all of its provisions, including those addressing the charges,
sentencing, stipulations, waiver, forfeiture, immigration and
registration consequences.  My client understands this plea
agreement fully and wants to plead guilty pursuant to it.


John M. Vazquez, Esq.                Date:  6/20/13


- 9 -

Plea Agreement With Edward M. De Sear

### Schedule A

1.    This Office and Edward M. De Sear recognize that the United States Sentencing Guidelines are not binding upon the Court.   This Office and Edward M. De Sear nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Edward M. De Sear within the Guidelines range that results from the total Guidelines offense level set forth below.   This Office and Edward M. De Sear further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.    Edward M. De Sear's sex trafficking of Victim 1 involved the commission of a sex act and/or sexual contact within the meaning of U.S.S.G. § 2G1.3(b)(4)(A).

3.    Between on or about May 28, 2010 and on or about February 9, 2011, Edward M. De Sear knowingly and willfully distributed more than 600 images of child pornography within the meaning of U.S.S.G. § 2G2.2(b)(7)(D).

4.    These images involved prepubescent minors and minors under the age of 12 years within the meaning of U.S.S.G. § 2G2.2(b)(2).

5.    Edward M. De Sear's distribution of child pornography involved distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, within the meaning of U.S.S.G. § 2G2.2(b)(3)(B).

6.    Edward M. De Sear's conduct involved material that portrayed sadistic or masochistic conduct or other depictions of violence, within the meaning of U.S.S.G. § 2G2.2(b)(4).

7.    Edward M. De Sear's conduct involved the use of a computer, within the meaning of U.S.S.G. § 2G2.2(b)(6).

8.    In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of (a) 17.5 years (210 months) imprisonment; and (b) a Lifetime period of supervised release, which term should include mental health testing and treatment as deemed appropriate by the United States Probation Office; and (c) $1.2 million in restitution  (hereinafter, collectively, the "Stipulated Sentence"), is reasonable taking into account all of

the factors under 18 U.S.C. § 3553(a), and neither party will argue for a sentence above or below the Stipulated Sentence.

        9.    Edward M. De Sear knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is in accordance with the Stipulated Sentence.  The United States Attorney for the District of New Jersey will not file any appeal, motion or writ that challenges the conviction or sentence imposed by the Court if that sentence is in accordance with the Stipulated Sentence. Furthermore, if the Court accepts the terms of the Stipulated Sentence, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding sentences and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding sentences, including a challenge to any restitution awarded in excess of $1.2 million.

- 11 -