# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v. Case Number 2:12-cr-0553-01

EDWARD M. DESEAR

Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, EDWARD M. DESEAR, was represented by John M. Vazquez, Esq.

Ordered Indictment 2:12-cr-0553-01 is hereby dismissed.

The defendant pled guilty to count(s) 1-5 of the Superseding Information on 12/19/13. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:1591(a)(1) and (b)(1) | Sex Trafficking of a Child | 06/11 | 1 |
| 18:2252A(a)(2)(A) | Distribution of Child Pornography | 05/28/10 | 2 |
| 18:2252A(a)(2)(A) | Distribution of Child Pornography | 09/16/10 | 3 |
| 18:2252A(a)(2)(A) | Distribution of Child Pornography | 12/06/10 | 4 |
| 18:2252A(a)(2)(A) | Distribution of Child Pornography | 02/09/11 | 5 |

As pronounced on 12/19/13, the defendant is sentenced as provided in pages 2 through 9 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $500, for count(s) 1-5, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 20th day of December, 2013.

WILLIAM J. MARTINI
United States District Judge

07458

Defendant: EDWARD M. DESEAR
Case Number: 2:12-cr-0553-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 210 months, on each of Counts 1-5 all such terms to run concurrently with each other.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

Defendant delivered on ______________________ To ______________________________________________
At _____________________________________________________, with a certified copy of this Judgment.

_____________________
United States Marshal

By _____________________
Deputy Marshal

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of life.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

ALCOHOL/DRUG TESTING AND TREATMENT

You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you shall submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged by the Court. You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The Probation Officer shall supervise your compliance with this condition.

DENIAL OF COMPUTER

You shall not possess, procure, purchase or otherwise obtain access to any form of computer network, bulletin board, Internet, or exchange format involving computers unless specifically approved by the U.S. Probation Office. Any dispute as to the applicability of this condition shall be decided by the Court.

*(In accordance with Third Circuit case law, this condition shall only be recommended for offenses that involve the following statutes: 18 2241, 2242, 2243(a) & (b), 2244, 2421, 2422, 2423, 2325, 2251, 2260(b), 2251(a), 2252(A)(g), 2252(B) & ©, 1591, 1460, 1462, 1463, 1465, 1470, and 8 1328).*

COMPUTER MONITORING

You shall submit to an initial inspection by the U.S. Probation Office, and to any unannounced examinations during supervision, of your computer equipment. This includes, but is not limited to, personal computer, personal digital assistants, entertainment consoles, cellular telephones, and/or any electronic media device which is owned or accessed by you. You shall allow the installation on your computer of any hardware or software systems which monitor computer use. You shall pay the costs of the computer monitoring program. You shall abide by the standard conditions of computer monitoring. Any dispute as to the applicability of this condition shall be decided by the Court.

MENTAL HEALTH TREATMENT

You shall undergo treatment in a mental health program approved by the United States Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, as approved by the United States Probation Office, until discharged by the Court. The Probation Officer shall supervise your compliance with this condition.

RESTRICTED CONTACT WITH MINORS

With the exception of brief, unanticipated and incidental contacts, you shall not associate with children under the age of

18, except for family members or children in the presence of an adult who has been approved by the probation officer. You shall not obtain employment or perform volunteer work which includes, as part of its job/work description, contact with minor children, without the expressed approval of the U.S. Probation Office. You shall not maintain, within your residence or within any outside establishment within your control or custody, a collection of films, slides, pictures, tapes, videotapes or other form of pictorial representation whose subject matter involves minor children of either sex and can be deemed to be pornographic. The probation office shall have the right of reasonable search of your person and residence, or any other establishment within your custody or control, and shall, if necessary, request the assistance of other law enforcement personnel to enforce the provisions of this special condition.

NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

POLYGRAPH EXAMINATION

You shall submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the Probation Officer, to assist in treatment, planning, and case monitoring. You will be required to contribute to the costs of services rendered in an amount to be determined by the Probation Officer, based on ability to pay or availability of third-party payment.

SEX OFFENDER REGISTRATION

At the commencement of supervision, you shall register with the state sex offender registration agency in the State of New Jersey and any state where you reside or are employed, carry on a vocation, or are a student, as directed by the U.S. Probation Office.

**STANDARD CONDITIONS OF SUPERVISED RELEASE**

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge

and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) ______________________________
Defendant Date

______________________________
U.S. Probation Officer/Designated Witness Date

Defendant: EDWARD M. DESEAR
Case Number: 2:12-cr-0553-01

**FINE**

The defendant shall pay a fine of $25,000.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due within 15 days of sentencing

This amount is the total of the fines imposed on individual counts, as follows: $9,000 on Count 1; $4,000 on Counts 2-5

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: EDWARD M. DESEAR
Case Number: 2:12-cr-0553-01

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the total amount of $1.2 million. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for distribution to the following victims in the following descending order of priority:

| **Name of Payee (Victim)** | **Amount of Restitution** |
|---|---|
| D.N | $1,1000,000.00 |
| John Doe 1 | $20,000 |
| John Doe II | $20,000 |
| John Doe III | $20,000 |
| John Doe IV | $20,000 |
| John Doe V | $20,000 |

The restitution is due immediately; it is further Ordered that restitution to the victims shall be satisfied prior to the special assessment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: EDWARD M. DESEAR
Case Number: 2:12-cr-0553-01

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

Any visual depiction described in Title 18:2251,2251A or 2252 or any book magazine, periodical, film, videotape or other matter which contains any such visual depiction..

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.