2011R00373/SUE/BAW/gr

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**EDWARD M. DE SEAR** | Criminal No. 12-553 (WJM)<br><br>**PRELIMINARY ORDER<br>OF FORFEITURE<br>(FINAL AS TO THE DEFENDANT)** |

WHEREAS, on or about December 19, 2013, defendant Edward M. De Sear (the "defendant") pleaded guilty pursuant to a plea agreement with the United States to a five count Superseding Information, Criminal No. 12-553 (WJM) (the "Information"), charging him with sex trafficking of a child, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1) (Count One); and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Counts Two through Five);

WHEREAS, as part of his plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. §§ 1594(d) and 1594(e)(1), and 18 U.S.C. § 2253, all of his right, title, and interest in all visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260 that were produced, transported, shipped, distributed or received in violation of such sections; all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in the Information; and all property, real and personal, used or intended to be used to commit or to promote

the commission of the offenses charged in the Information, and all property traceable to such property, including the following computer and computer accessories, which were seized pursuant to a federal search warrant executed at the defendant's residence in Saddle River, New Jersey on or about July 14, 2011, or were surrendered by the defendant to the government in Newark, New Jersey on or about December 19, 2013:

> (a) one black Sony Vaio laptop, Model PCG-652L, bearing serial number J002M1GN, with power cord;
>
> (b) one blue 30MB USB drive with key ring;
>
> (c) one Maxtor External Hard Drive, Model Maxtor One Touch III Mini, bearing serial number 2CAS07GD;
>
> (d) one Casio Exilm Digital Camera EX-2600, 6 Mega Pixel #1730825A, with docking station and power cord;
>
> (e) one CD with a yellow post-it note reading "De Sear [H.C.]/[C.C.] Aug. 2010";
>
> (f) one Giga Ware DVD with black lettering, "The Bike Shopper Menu Disc";
>
> (g) one Memorex DVD with a yellow post-it note reading, "[A.O.C.]"; and
>
> (h) one white Kingston Data Traveler 16GB thumb drive, bearing serial number CH4149736;

(the "Specific Property");

WHEREAS, in the plea agreement, the defendant further consented to the entry of orders of forfeiture as to the Specific Property pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure; to waive all interest in the forfeitable property in any administrative or judicial forfeiture proceeding, whether criminal

or civil, state or federal; and to waive the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

WHEREAS, on or about December 19, 2013, the defendant was sentenced to, inter alia, 210 months' imprisonment, to be followed by a term of supervised release for life, restitution in the amount of $1,200,000, a fine of $25,000, and criminal forfeiture in accordance with the terms of the plea agreement;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1) (as incorporated by 18 U.S.C. § 2253(b)), 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2(b)(6), the Government is now required to publish notice of the forfeiture and provide notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding;

WHEREAS, on or about September 8, 2011 and October 20, 2011, the Federal Bureau of Investigation provided notice of administrative forfeiture of the computer and computer accessories identified above as items (a) through (d) of the Specific Property to all potential claimants. No administrative claim was received, and the FBI subsequently discontinued the administrative forfeiture proceedings in light of the anticipated criminal forfeiture proceedings involving items (a) through (d) above;

WHEREAS, good and sufficient cause having been shown, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1.  Pursuant to 18 U.S.C. §§ 1594(d) and 1594(e)(1), by virtue of the defendant's guilty plea to Count One of the Information, which is an offense in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1), and pursuant to 18 U.S.C. § 2253, by virtue of the defendant's guilty plea to Counts Two through Five of the Information, which are offenses in violation of 18 U.S.C. § 2252A(a)(2)(A), and pursuant to the plea agreement and Rule 32.2(b)(2)(A) of the Federal Rules of Criminal Procedure, all of the defendant's right, title, and interest in the following Specific Property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n)(1) (as incorporated by 18 U.S.C. § 2253(b)) and 28 U.S.C. § 2461(c):

   (a) one black Sony Vaio laptop, Model PCG-652L, bearing serial number J002M1GN, with power cord;

   (b) one blue 30MB USB drive with key ring;

   (c) one Maxtor External Hard Drive, Model Maxtor One Touch III Mini, bearing serial number 2CAS07GD;

   (d) one Casio Exilm Digital Camera EX-2600, 6 Mega Pixel #1730825A, with docking station and power cord;

   (e) one CD with a yellow post-it note reading "De Sear [H.C.]/[C.C.] Aug. 2010";

   (f) one Giga Ware DVD with black lettering, "The Bike Shopper Menu Disc";

   (g) one Memorex DVD with a yellow post-it note reading, "[A.O.C.]"; and

   (h) one white Kingston Data Traveler 16GB thumb drive, bearing serial number CH4149736.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is final against defendant Edward M. De Sear, is part of the sentence of defendant Edward M. De Sear, and is deemed included in the judgment of conviction therewith.

3. The Federal Bureau of Investigation shall maintain custody of the Specific Property and hold such property in its secure custody and control pending entry of a final order of forfeiture.

4. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5. The notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the

Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.  See Fed R. Crim. P. 23.2(b)(6); 21 U.S.C. § 853(n)(2), (3).

6. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), in which all interests will be addressed.

8. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**ORDERED** this 30th day of January, 2014.

_____
HONORABLE WILLIAM J. MARTINI
United States District Judge