2011R00373/SUE/BAW/sc

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**EDWARD M. DE SEAR** | Criminal No. 12-553 (WJM)<br><br>**FINAL ORDER OF FORFEITURE** |

WHEREAS, on or about December 19, 2013, defendant Edward M. De Sear (the "defendant") pleaded guilty pursuant to a plea agreement with the United States to a five-count Superseding Information, Criminal No. 12-553 (WJM) (the "Information"), charging him with sex trafficking of a child, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) (Count One); and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Counts Two through Five);

WHEREAS, as part of his plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. §§ 1594 and 28 U.S.C. § 2461, and 18 U.S.C. § 2253, all of his right, title, and interest in all visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260 that were produced, transported, shipped, distributed or received in violation of such sections; all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and all property, real and personal, used or intended to be used to commit or to promote

the commission of the offenses charged in the Information, and all property traceable to such property, including the following computer and computer accessories, which were seized pursuant to a federal search warrant executed at the defendant's residence in Saddle River, New Jersey on or about July 14, 2011, or were surrendered by the defendant to the government in Newark, New Jersey on or about December 19, 2013:

  (a)  one black Sony Vaio laptop, Model PCG-652L, bearing serial number J002M1GN, with power cord;

  (b)  one blue 30MB USB drive with key ring;

  (c)  one Maxtor External Hard Drive, Model Maxtor One Touch III Mini, bearing serial number 2CAS07GD;

  (d)  one Casio Exilim Digital Camera EX-2600, 6 Mega Pixel #1730825A, with docking station and power cord;

  (e)  one CD with a yellow post-it note reading "De Sear [H.C.]/[C.C.] Aug. 2010";

  (f)  one Giga Ware DVD with black lettering, "The Bike Shopper Menu Disc";

  (g)  one Memorex DVD with a yellow post-it note reading, "[A.O.C.]"; and

  (h)  one white Kingston Data Traveler 16GB thumb drive, bearing serial number CH4149736;

(hereinafter collectively referred to as the "Specific Property");

WHEREAS, in the plea agreement, the defendant further consented to the entry of orders of forfeiture as to the Specific Property pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure; to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal

or civil, state or federal; and to waive the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

WHEREAS, on or about February 4, 2014, the Court entered a Preliminary Order of Forfeiture (Final as to the Defendant) (the "Preliminary Order"), pursuant to Rule 32.2(b)(2), which forfeited to the United States all of the defendant's right, title and interest in the Specific Property, for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n)(l), as incorporated by 18 U.S.C. § 2253(b);

WHEREAS, the provisions of 21 U.S.C. § 853(n) (as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 2253(b)) and Rule 32.2(b) of the Federal Rules of Criminal Procedure require publication and notice to third parties known to have alleged an interest in forfeited property and the disposition of any petitions filed under Section 853(n) before the United States may have clear title to such property;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1) (as incorporated by 18 U.S.C. § 2253(b)) and Federal Rule of Criminal Procedure 32.2(b)(6), the Government posted a Notice of Forfeiture with respect to the Specific Property on an official government internet site, namely www.forfeiture.gov, beginning on September 21, 2014, and running for thirty consecutive days through October 20, 2014, as permitted by Rule G(4)(a)(iv)(C) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions. Proof of publication was filed with the Court on or about March 30, 2015;

WHEREAS, the published notice explained that any person asserting a legal interest in the Specific Property was required to file a petition with this Court within sixty (60) days from the first day of publication of the notice on the government internet site, and that if no such petitions were filed, following the expiration of the period for the filing of such petitions, the United States would have clear title to the Specific Property, in accordance with Supplemental Rule G(5)(a)(ii)(B);

WHEREAS, 21 U.S.C. § 853(n)(7) provides that the United States shall have clear title to any forfeited property where no petitions for a hearing to contest the forfeiture have been filed within sixty (60) days after the first day of publication on an official internet government forfeiture site and no timely petitions were filed by persons who were sent direct notice of the forfeiture, in accordance with the procedures prescribed in Supplemental Rule G(5)(a)(ii)(B);

WHEREAS, no petitions were filed or made in this action as to the Specific Property, no other parties have appeared to contest the action as to the Specific Property to date, and the statutory time periods in which to do so have expired;

WHEREAS, on or about December 19, 2013, the defendant was sentenced to, *inter alia*, 210 months' imprisonment, to be followed by a term of supervised release for life;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States is therefore entitled to have clear title to the Specific Property and to warrant good title to any subsequent purchaser or transferee.

NOW, THEREFORE, on the application of Paul J. Fishman, United States Attorney for the District of New Jersey (Barbara A. Ward, Assistant United States Attorney, appearing),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the following property is hereby forfeited to the United States of America for disposition according to law:

    (a) one black Sony Vaio laptop, Model PCG-652L, bearing serial number J002M1GN, with power cord;

    (b) one blue 30MB USB drive with key ring;

    (c) one Maxtor External Hard Drive, Model Maxtor One Touch III Mini, bearing serial number 2CAS07GD;

    (d) one Casio Exilim Digital Camera EX-2600, 6 Mega Pixel #1730825A, with docking station and power cord;

    (e) one CD with a yellow post-it note reading "De Sear [H.C.]/[C.C.] Aug. 2010";

    (f) one Giga Ware DVD with black lettering, "The Bike Shopper Menu Disc";

    (g) one Memorex DVD with a yellow post-it note reading, "[A.O.C.]"; and

    (h) one white Kingston Data Traveler 16GB thumb drive, bearing serial number CH4149736;

(the "Forfeited Property").

2. The Federal Bureau of Investigation, in its sole discretion, may destroy the Forfeited Property.

3. The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Order.

4. The Clerk of the Court shall to send copies of this Order to all counsel of record.

**SO ORDERED** this 30 day of April, 2015.

_____
HONORABLE WILLIAM J. MARTINI
UNITED STATES DISTRICT JUDGE