UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>   v.<br><br>**EDWARD DeSEAR** | 12-cr-553<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

On December 19, 2013—consistent with the stipulated terms of a Rule 11(c) plea agreement—this Court sentenced Defendant Edward DeSear ("Defendant") to 210 months of incarceration, followed by supervised release for life. ECF Nos. 40-42. The matter comes before the Court on Defendant's motion to convert the remainder of his term of incarceration to home confinement, pursuant to 18 U.S.C. § 3853(c)(1)(A)(i). ECF No. 55. For the reasons set forth below, the motion is **DENIED**.

**I.     BACKGROUND**

On December 19, 2013, Defendant pled guilty to one count of sex trafficking of a child, in violation of 18 U.S.C. § 1591 (Count One), and four counts of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Counts Two through Five). ECF No. 42. Defendant shared child pornography through peer-to-peer networks and facilitated a child's transport across international borders to engage in a commercial sex act. *Id.* at 17-18. Specifically, in June 2011, Defendant paid to transport a child from Paris to Belgium so that he could sexually abuse the child. *Id.* Pursuant to a Rule 11(c) plea agreement, the Court sentenced Defendant to 210 months of imprisonment, followed by a lifetime of supervised release. ECF No. 40-41.

Defendant has been incarcerated since August 23, 2012, and currently resides at FCI Danbury. While incarcerated, Defendant has worked to rehabilitate himself by completing courses (including on victims' impact), staying out of trouble, and helping suicidal inmates. *See* ECF No. 57 (exhibits). Unfortunately, like many older inmates, Defendant has some chronic health conditions. He is now 73-years-old, has hypertension, diabetes, high triglycerides and low HDL, gastric reflux disease, diverticulosis and polyps, a duodenal ulcer, and suffers from sleep apnea. *Id.*; *see also* Fox Cert. at ¶ 14, ECF No. 55-3.

**II.    DISCUSSION**

Defendant argues that he should be released to home confinement due to the outbreak of COVID-19, his health conditions, and other attributes. ECF No. 55. The Government opposes the request. ECF No. 58. After receiving permission, Defendant filed a reply brief, pointing out that eight individuals in his unit tested positive for COVID-19 after FCI Danbury began testing all inmates. Reply at 1, ECF No. 61.

**A.     The Court May Hear the Request**

Courts may modify terms of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c).

Here, thirty days has lapsed since Defendant requested a motion for release from the warden of his facility. Fox Cert. ¶ 14. Thus, the Court may consider Defendant's request. *See* 18 U.S.C. § 3582(c). It is inconsequential that Defendant filed the motion before thirty days lapsed. The statute requires thirty days before the Court may reduce a prison term. It does not require defendants to wait thirty days to file their motion. *See* 18 U.S.C. § 3582(c) (permitting court to reduce sentence "upon motion of the defendant after . . . the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . .").

### B. Section 3553(a) Factors Preclude Relief

Courts grant discretionary relief under 3582(c) only "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c). Section 3553(a) directs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." Courts consider, *inter alia*:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant; . . .
>
> (4) the sentencing range established for[] the applicable category of offence . . . [and]
>
> (5) the need to avoid unwarranted sentence disparities . . . .

18 U.S.C. § 3553(a).

Though some of the unlisted factors point slightly in Defendant's favor, those listed above overwhelmingly demonstrate relief is unwarranted. Defendant's crimes were heinous. While Defendant was otherwise a productive member of society, his privileged position makes his conduct less excusable. He had every resource to get help. He was not overcome by some prurient desire and acted in a moment of opportunity. Instead, he used his considerable wealth to coordinate the sexual exploitation of a child, including arranging international travel.

Defendant's 210-month sentence was already below the guideline range. PSR ¶ 155 (262-327 months). This Court expressed its hesitation to accept the stipulated-to sentence but agreed, in part, to avoid a trial, which would further traumatize the victim. Tr. 33-34, ECF No. 42. Further reducing the sentence is especially inappropriate considering the disparity between the guideline range (approximately twenty-one years), time served (almost eight years), and the mandatory minimum (fifteen years). Additionally, Defendant's early release would expand the disparity between his sentence and those imposed on his confederates.[1]

---

[1] Judge Sarah Evans Barker (S.D. Ind.) sentenced one of Defendant's collaborators to 480 months

Defendant's argument that strict conditions of home confinement mitigate these concerns is inapposite. As Defendant points out, if he is ever released, he will be under strict observation his entire life. Rather than mitigating, that fact means Defendant's early release would simply lob off the majority of his term of incarceration. Contrary to this Court's typical view toward lengthy sentences, eight years is not nearly enough.

In light of the factors set forth in Section 3553(a), the Court will not exercise its discretion to release Defendant to home confinement. This is not to say the Court does not take Defendant's health seriously. It is acutely aware of the risk COVID-19 poses to inmates, especially those who are elderly and have underlying conditions. This Court has not hesitated to order the release of non-violent offenders. But the crimes here are too severe—and the punishment too imbalanced if the request was granted—for the Court to grant the Defendant's motion. *See* 18 U.S.C. 3553(a); 3582(c). The Court is also reassured by the fact that FCI Danbury is testing all inmates. *See* Reply at 1. That way, contagious individuals can be appropriately quarantined, monitored, and if needed, provided immediate medical care.

### III.     CONCLUSION

For the reasons set forth above, Defendant's motion, ECF No. 55, is **DENIED**. An appropriate order follows.

*/s/ William J. Martini*

**Date: June 8, 2020**            **WILLIAM J. MARTINI, U.S.D.J.**

---

imprisonment. *See* 1:12-cr-000121, ECF No. 45 (120 months consecutive); 1:12-cr-00023-SEB-DML, ECF No. 137 (360 months consecutive). Judge Barker sentenced his partner to 360 months. *See* 1:12-cr-00023, ECF No. 205 (amended judgment to correct clerical error).